**UNITED STATES of America, Plaintiff—Appellee,**

**Joseph C. Robinson, Claimant— Appellant,**

v.

**REAL PROPERTY LOCATED AT 5300 LIGHTS CREEK LANE, TAYLORS- VILLE, PLUMAS COUNTY, CALI- FORNIA, APNS: 004–430–002 and 004–430–006, INCLUDING ALL AP- PURTENANCES AND IMPROVE- MENTS THERETO, Defendant.**

No. 03–17231.

D.C. No. CV–01–00041–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Nov. 12, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Courtney J. Linn, United States Attorney's Office, Sacramento, CA, for Plaintiff–Appellee. Joseph C. Robinson, Chico, CA, for Claimant–Appellant.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

### MEMORANDUM**

■ Joseph Robinson appeals the district court's grant of summary judgment to the Government in this civil in rem forfeiture action. Real property is subject to forfeiture when "used . . . to commit, or to facilitate the commission of, a violation . . . punishable by more than one year's imprisonment." 21 U.S.C. § 881(a)(7). We agree with the district court that the Government's burden of establishing forfeitability was satisfied by Robinson's admission in federal court that he possessed the 37 pounds of marijuana seized from his property. We note that Robinson also admitted that "17 pounds . . . was intended for . . . individuals who produced the marijuana," and "[t]he remaining marijuana, approximately 20 pounds, was intended for distribution . . . ."

■ We reject Robinson's contention that he is lawfully entitled to possess and distribute marijuana based on California's Compassionate Use Act of 1996, Cal. Health & Safety Code § 11362.5. *See United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 494–95, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001) (holding medical necessity use of marijuana permitted by California's Compassionate Use Act is not a defense to federal prohibitions on manufacturing and distributing marijuana). We also reject Robinson's various constitutional claims. He offers

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

no legal arguments or factual allegations in support of his due process, equal protection, or unlawful taking arguments. *See D.A.R.E. America v. Rolling Stone Magazine*, 270 F.3d 793, 793 (9th Cir.2001) ("A bare assertion of an issue does not preserve a claim, particularly when ... a host of other issues are presented for review.") (internal quotation omitted). Robinson's admissions in federal court make it unnecessary for us to consider the validity of the state prosecution or the underlying state search warrant. Robinson is not constitutionally entitled to a civil jury trial when he has raised no disputed issue of material fact for a jury to decide. *See United States v. $100,348 in U.S. Currency*, 354 F.3d 1110, 1116 (9th Cir.2004) (affirming summary judgment when claimant failed to raise a genuine issue of material fact). There is no merit to his claim that civil forfeiture violates double jeopardy. *See United States v. Ursery*, 518 U.S. 267, 278, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Finally, we reject Robinson's argument that the forfeiture was unconstitutionally excessive—the amount of his forfeiture is not "grossly disproportional" to the quantity of drugs seized. *See $100,348 in U.S. Currency*, 354 F.3d at 1121 (noting forfeiture is excessive only when "grossly disproportional to the gravity of a defendant's offense") (internal quotation omitted).

■ Robinson also contends his production of medicinal marijuana for "private distribution" is insufficient to constitute "commerce" for purposes of invoking federal jurisdiction under the Commerce Clause. He relies on *Raich v. Ashcroft*, 352 F.3d 1222, 1229 (9th Cir.2003), *cert. granted*, —— U.S. ——, 124 S.Ct. 2909, 159 L.Ed.2d 811 (2004), where we held that "[t]he cultivation, possession, and use of marijuana for medicinal purposes and not for exchange or distribution is not properly characterized as commercial or economic activity." We conclude that *Raich* is distinguishable. *Raich* involved small amounts of marijuana for personal use and, accordingly, we limited our constitutional analysis to "the intrastate, noncommercial cultivation, possession and use of marijuana for personal medical use." *Raich*, 352 F.3d at 1229 (noting case did not "involve sale, exchange, or distribution" of drugs). In contrast, Robinson admitted to possessing at least 37 pounds of marijuana, most intended for distribution to others.

**AFFIRMED.**